UNITIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VANESS L. VEGA,

                    Plaintiff,

   -against-

PARKCHESTER NORTH
CONDOMINIUM
and GRENADIER REALTY CORP.,

                    Defendants.

Civil Action No.: 07 Civ. 11494 (RWS)

**ANSWER OF DEFENDANT,
GRENADIER REALTY CORP.**

       Defendant, Grenadier Realty Corp (hereinafter, "Defendant Grenadier"), by and through its attorneys, Putney, Twombly, Hall & Hirson LLP, as and for its Answer to Plaintiff's Complaint ("Complaint"), states as follows:

**JURISDICTION AND VENUE**

       1.    With respect to Paragraph 1 of the Complaint, admits that the Court has jurisdiction over the statutes listed therein admits, but denies that the Court should exercise supplemental jurisdiction over any claims brought pursuant to New York State or City law.

       2.    Denies, but admits allegations contained in Paragraph 2 of the Complaint as much as Defendant Parkchester North Condominium is in the judicial district.

**THE PARTIES**

       3.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint, except admits that Plaintiff is female and has children.

       4.    Denies each and every allegation contained in Paragraph 4 of the Complaint, and separately avers that Plaintiff was employed by Defendant Parkchester as a

Security Dispatcher from on or about October 7, 2004 to January 23, 2007, the date she abandoned her position.

    5.    Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

    6.    Admits the allegations contained in Paragraph 6 of the Complaint.

    7.    Admits the allegations contained in Paragraph 7 of the Complaint, except denies that Defendant Grenadier "maintained an on-site office there."

    8.    Denies each and every allegation contained in Paragraph 8 of the Complaint, and separately avers that Defendant Grenadier was the management company for Defendant Parkchester and that Paulette Holiday was employed by Defendant Grenadier.

## STATEMENT OF CLAIM

    9.    Denies each and every allegation contained in Paragraph 9 of the Complaint, except admits that George Presotto's employment with Defendant Parkchester was terminated.

    10.    Denies each and every allegation contained in Paragraph 10 of the Complaint.

    11.    Admits the truth of the allegations contained in Paragraph 11 of the Complaint.

    12.    Denies each and every allegation contained in Paragraph 12 of the Complaint.

    13.    Denies and every allegation contained in Paragraph 13 of the Complaint and respectfully refers all issues of law to the Court at or before trial of this matter.

**STATEMENT OF FACTS**

14. Denies each and every allegation contained in Paragraph 14 of the Complaint, and separately avers that on about October 7, 2004, Plaintiff commenced her employment with Defendant Parkchester as a Security Dispatcher and on or about January 23, 2007, Plaintiff's employment with Defendant Parkchester ended.

15. Denies each and every allegation contained in Paragraph 15 of the Complaint.

16. Admits the allegations contained in Paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 of the Complaint, and separately avers that on or about November 9, 2006, Plaintiff complained to Paulette Holiday about George Presotto, Defendant Parkchester's former Director of the Department of Security.

18. Denies each and every allegation contained in Paragraph 18 of the Complaint, except admits that on about November 13, 2006, Defendant Parkchester terminated George Presotto's employment with Defendant Parkchester.

19. Denies each and every allegation contained in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint.

21. Denies each and every contained in Paragraph 21 of the Complaint, and separately avers that from on or about November 13, 2006 to January 8, 2007, Robert Musiello served as Defendant Parkchester's Acting Director of the Security Department and that on or

about January 8, 2007, Defendant Parkchester hired Frank Seguinot as its Director of the Security Department.

23. Denies each and every allegation contained in Paragraph 22 of the Complaint.

23. Denies each and every allegation contained in Paragraph 23 of the Complaint, and separately avers that Frank Seguinot questioned the necessity and utility of Plaintiff, a Security Dispatcher, performing temporary administrative duties in his office.

24. Denies each and every allegation contained in Paragraph 24 of the Complaint.

25. Denies each and every allegation contained in Paragraph 25 of the Complaint, and separately avers that former Chief of the Department of Security, Frank Seguinot prepared and was responsible for work schedules and assignments for the Department of Security. Denies that Paulette Holiday "approved" Department of Security work schedules.

26. Denies each and every allegation contained in Paragraph 26 of the Complaint, and separately avers that on or about January 17, 2006, Defendant Parkchester informed Plaintiff that her work schedule and responsibilities would revert back to her previous work schedule and responsibilities as a Security Dispatcher.

27. Denies each and every allegation contained in Paragraph 27 of the Complaint, and separately avers that Plaintiff refused to return to her previous position and work schedule. Defendant Parkchester explained to Plaintiff that, based upon its operational needs, no other position or work schedule was available.

28. Denies each and every allegation contained in Paragraph 28 of the Complaint and further denies that Defendant Grenadier ever "demanded" that Plaintiff work an "overnight shift."

29. Denies each and every allegation contained in Paragraph 28 of the Complaint, and separately avers that Plaintiff refused to return to her previous work schedule and responsibilities as a Security Dispatcher. On or about January 24, 2007, as a result of Plaintiff's job abandonment, her employment with Defendant Parkchester ended.

30. Denies each and every allegation contained in Paragraph 30 of the Complaint.

31. Denies each and every allegation contained in Paragraph 31 of the Complaint.

32. Denies each and every allegation contained in Paragraph 32 of the Complaint.

33. Denies each and every allegation contained in Paragraph 33 of the Complaint.

34. Denies each and every allegation contained in Paragraph 34 of the Complaint.

**ANSWERING THE ALLEGATIONS AS TO: FIRST CAUSE OF ACTION**
**(Retaliation – 42 U.SC. §2000e-2, §2000e-3 *et seq.*)**

35. With respect to Paragraph 35 of the Complaint, Defendant Grenadier repeats and re-alleges each and every response provided to Paragraphs 1 through 34, inclusive, of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint.

38. Denies each and every allegation contained in Paragraph 38 of the Complaint, and separately avers that on or about November 9, 2006, Plaintiff complained to Paulette Holiday about George Presotto, Defendant Parkchester's former Director of the Department of Security.

39. Denies each and every allegation contained in Paragraph 39 of the Complaint.

40. Denies each and every allegation contained in Paragraph 40 of the Complaint, and separately aver that on or about November 13, 2006, Defendant Parkchester terminated George Presotto's employment.

41. Denies each and every allegation contained in Paragraph 41 of the Complaint, and separately aver that on or about January 8, 2007, Defendant Parkchester hired Frank Seguinot as Director of the Security Department. Defendant Parkchester further avers that Frank Seguinot questioned the necessity and utility of Plaintiff, a Security Dispatcher, performing temporary administrative duties in his office.

42. Denies each and every allegation contained in Paragraph 42 of the Complaint, and separately aver that on or about January 23, 2007, Plaintiff's employment with Defendant Parkchester ceased as a result of Plaintiff's abandonment of her position.

43. Denies each and every allegation contained in Paragraph 43 of the Complaint, except admits that one work shift in Plaintiff's weekly work schedule was a 12:00P.M. to 8:00 A.M. shift.

44. Denies each and every allegation contained in Paragraph 44 of the Complaint, and separately aver that based solely upon the operational needs of Defendant Parkchester, Plaintiff was re-assigned to a weekly work schedule that included one work shift from 12:00P.M. to 8:00 A.M.

45. Denies each and every allegation contained in Paragraph 45 of the Complaint.

46. Denies each and every allegation contained in Paragraph 46 of the Complaint.

**ANSWERING THE ALLEGATIONS AS TO: SECOND CAUSE OF ACTION**
**(Title VII – Hostile Work Environment)**

47. With respect to Paragraph 47 of the Complaint, Defendant Grenadier repeats and re-alleges each and every response provided to Paragraphs 1 through 46, inclusive, of the Complaint.

48. Denies each and every allegation contained in Paragraph 48 of the Complaint, and separately aver that on about November 13, 2006, Defendant Parkchester terminated George Presotto's employment with Defendant Parkchester.

49. Denies each and every allegation contained in Paragraph 49 of the Complaint.

50. Denies each and every allegation contained in Paragraph 50 of the Complaint.

51. Denies each and every allegation contained in Paragraph 51 of the Complaint.

52. Denies each and every allegation contained in Paragraph 52 of the Complaint, and separately avers that Frank Seguinot questioned the necessity and utility of Plaintiff, a Security Dispatcher, performing temporary administrative duties in his office.

53. Denies each and every allegation contained in Paragraph 53 of the Complaint.

54. Denies each and every allegation contained in Paragraph 54 of the Complaint.

### ANSWERING THE ALLEGATIONS AS TO: THIRD CAUSE OF ACTION
### (New York State Human Rights Law, New York Executive Law §296 et seq.)

55. With respect to Paragraph 55 of the Complaint, Defendant Grenadier repeats and re-alleges each and every response provided to Paragraphs 1 through 54, inclusive, of the Complaint.

56. With respect to Paragraph 56 of the Complaint, admits that Plaintiff purports to bring this action under the statutes referenced therein and that Plaintiff purports to invoke the supplemental jurisdiction of this Court, but denies that the Court should exercise supplemental jurisdiction over any claims brought pursuant to New York State law.

57. Denies each and every allegation contained in Paragraph 57 of the Complaint, and separately avers that on or about January 8, 2007, Defendant Parkchester hired Frank Seguinot and that he questioned the necessity and utility of Plaintiff, a Security Dispatcher, performing temporary administrative duties in his office.

58. Denies each and every allegation contained in Paragraph 58 of the Complaint.

59. Denies each and every allegation contained in Paragraph 59 of the Complaint.

60. Denies each and every allegation contained in Paragraph 60 of the Complaint, and separately aver that on or about January 23, 2007, Plaintiff's employment with Defendant Parkchester ceased as a result of Plaintiff's abandonment of her position.

61. Denies each and every allegation contained in Paragraph 61 of the Complaint.

**ANSWERING THE ALLEGATIONS AS TO: FOURTH CAUSE OF ACTION**
**(New York City Human Rights Law, N.Y. City Admin. Code §8-107 et seq.)**

62. With respect to Paragraph 62 of the Complaint, Defendant Grenadier repeats and re-alleges each and every response provided to Paragraphs 1 through 61, inclusive, of the Complaint.

63. With respect to Paragraph 63 of the Complaint, admits that Plaintiff purports to bring this action under the statutes referenced therein and that Plaintiff purports to invoke the supplemental jurisdiction of this Court, but denies that the Court should exercise supplemental jurisdiction over any claims brought pursuant to New York City law.

64. Denies each and every allegation contained in Paragraph 64 of the Complaint, and separately avers that on or about January 8, 2007, Defendant Parkchester hired Frank Seguinot and that he questioned the necessity and utility of Plaintiff, a Security Dispatcher, performing temporary administrative duties in his office.

65. Denies each and every allegation contained in Paragraph 65 of the Complaint.

66. Denies each and every allegation contained in Paragraph 66 of the Complaint.

67. Denies each and every allegation contained in Paragraph 67 of the Complaint, and separately aver that on or about January 23, 2007, Plaintiff's employment with Defendant Parkchester ceased as a result of Plaintiff's abandonment of her position.

68. Denies each and every allegation contained in Paragraph 68 of the Complaint.

**ANSWERING THE ALLEGATIONS AS TO: FIFTH CAUSE OF ACTION**
**(Retaliation by Protesting Unemployment Insurance Benefits)**

69. With respect to Paragraph 69 of the Complaint, Defendant Grenadier repeats and re-alleges each and every response provided to Paragraphs 1 through 68, inclusive, of the Complaint.

70. As this allegations in Paragraph 70 of the Complaint are not directed at Defendant Grenadier, no response is required.

71. Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of the Complaint.

72. Denies each and every allegation contained in Paragraph 72 of the Complaint.

73. Denies each and every allegation contained in Paragraph 73 of the Complaint.

74. Denies each and every allegation contained in Paragraph 74 of the Complaint, except admit that Plaintiff was determined to be eligible for unemployment benefits and respectfully refers the Court to the decision of the New York State Unemployment Insurance Appeal Board.

75. Denies each and every allegation contained in Paragraph 75 of the Complaint.

76. Denies each and every allegation contained in Paragraph 76 of the Complaint.

77. Denies each and every allegation contained in Paragraph 77 of the Complaint.

78. Denies each and every allegation contained in the "Wherefore" clause (including items "1" through "8") contained on the 12th page of the Complaint.

**AS AND FOR A FIRST DEFENSE**

79. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND DEFENSE**

80. Any and all actions taken by the Defendant Grenadier was based on legitimate, non-discriminatory reasons unrelated to Plaintiff's purported complaints of harassment and unrelated to any invocation by Plaintiff of rights arising under federal, state or local law.

**AS AND FOR A THIRD DEFENSE**

81. Plaintiff's claims are barred, either in whole or in part, to the extent that Plaintiff has failed to file a timely claim thereon with relevant administrative agencies and exhaust all necessary contractual and/or administrative remedies or procedures, or satisfy other conditions precedent regarding such claims.

**AS AND FOR A FOURTH DEFENSE**

82. The Complaint is barred, in whole or in part, to the extent it refers to or relies upon events occurring beyond the applicable statute of limitations.

**AS AND FOR A FIFTH DEFENSE**

83. At all times, the terms and conditions of Plaintiff's employment were governed exclusively by a collective bargaining agreement between Defendant Parkchester and the Special Patrolman's Benevolent Association, Local 1, a labor union.

**AS AND FOR A SIXTH DEFENSE**

84. Upon information and belief, Plaintiff has failed to mitigate damages, if any exist, as required under the law.

85. Therefore, Plaintiff is not entitled to any relief.

**AS AND FOR A SEVENTH DEFENSE**

86. To the extent Plaintiff seeks injunctive relief, Plaintiff, in whole or in part, is not entitled to a trial by jury on such claims.

**AS AND FOR AN EIGHTH DEFENSE**

87. Plaintiff's claims are barred in whole or in part, by an election of remedies, waiver and/or estoppel.

**AS AND FOR A NINTH DEFENSE**

88. Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands and/or laches.

**AS AND FOR A TENTH DEFENSE**

89. All actions with respect to Plaintiff's employment were taken for good and sufficient cause.

**AS AND FOR AN ELEVENTH DEFENSE**

90. Plaintiff's claims are barred, in whole or in part, by the exclusivity provisions of the New York Workers' Compensation Law.

**WHEREFORE,** Defendant Grenadier demands judgment dismissing the Complaint in its entirety and with prejudice and awarding Defendant Grenadier its costs, fees (including attorneys' fees) and disbursements incurred in defending this action and such other and further relief as the Court may seem just and proper.

Dated: New York, New York
       February 25, 2008

                                                         /s/ AS
                                              Mark A. Hernandez (MH 4753)
                                              Alexander Soric (AS 3305)
                                              **PUTNEY, TWOMBLY, HALL & HIRSON LLP**
                                              521 Fifth Avenue
                                              New York, New York 10175
                                              (212) 682-0020
                                              *Attorneys for Defendant,*
                                              *Grenadier Realty Corp.*

**CERTIFICATE OF SERVICE**

The undersigned, a member of the Bar of this Court, hereby certifies that he caused true and accurate copy of the Defendant, Grenadier Realty Corp.'s Answer and Rule 7.1 Statement to be served via ECF and regular mail on February 25, 2008 upon:

> Patrick W. McGinley, Esq.
> FINDER AND CUOMO, LLP
> 9 East 38th Street, 3rd Floor
> New York, New York 10016
> *Attorneys for Plaintiff*

_____/s/ AS_____
Alexander Soric (AS 3305)